AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2005 MAR 29  AM 10: 35

UNITED STATES OF AMERICA

V.

Marcus Roberts
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: CR 05-19

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by X clear and convincing evidence a preponderance of the evidence : Defendant was indicted on a number of charges all relating to weapon offenses, including conspiracy for straw purchase, 2 charges of posession of a weapon for a convicted felon and aiding and abetting a straw purchase. The evidence against defendant is strong, including video tape of defendant in the gun store with the straw purchaser, statement of the straw purchaser, fingerprint and DNA evidence on and around the weapons and defendant's behavior during the second offense.

2. Defendant was previously convicted in April 2002 for possession of weapons within a school area- a felony for which he was placed on state probation after 90 days of home confinement. At the time of both incidents (August 2003 and January 2005) in the present matter, defendant was on probation for the 2002 conviction. As a result of the present indictment, and charges, a VOP warrant for defendant has been issued by the state. It is apparent the defendant has not been compliant with his probation requirements which are similar to the bail requirements which could be issued by this court.

3. The first offense which involved the conspiracy of a straw purchase, defendant committed within a 1 after his conviction and release from home confinement.

4. Unanswered is why, if defendant was not involved in criminal activity, did he need or want these two weapons.

5. This court recognizes that straw purchases and felon in possession are crimes of violence since such activity allows weapons to be uncontrolled and obtained by individuals who no longer have the right to possess such weapons. Such activity supports the underground exchange of such weapons.

AO 472 (Rev. 3/86) Order of Detention Pending Trial

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

March 29, 2005
Date

*Signature of Judicial Officer*
Mary Pat Thynge, Magistrate Judge
*Name and Title of Judicial Officer*

\*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).