

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*Nemours Building*                                    *(302) 573-6277*
*1007 Orange Street, Suite 700*              *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

May 28, 2005

Honorable Kent A. Jordan
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, DE 19801

   Re: United States v. Marcus Roberts
      <u>Criminal Action No. 05-19-KAJ</u>

Dear Judge Jordan:

   Enclosed please find an unsigned copy of the parties' Memorandum of Plea Agreement in the above-referenced case.

         Respectfully submitted,

         COLM F. CONNOLLY
         United States Attorney

    BY: <u>/s/</u>
         April M. Byrd
         Assistant United States Attorney

cc: Clerk, U.S. District Court
   Thomas A. Dreyer, Esquire

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,      :

                   Plaintiff,      :

             v.      :      Criminal Action No. 05-19-KAJ

MARCUS ROBERTS,      :

               Defendant.      :

## <u>MEMORANDUM OF PLEA AGREEMENT</u>

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and April M. Byrd, Assistant United States Attorney for the District of Delaware, and Thomas A. Dreyer, Esquire attorney for the defendant, Marcus Roberts, the following agreement is hereby entered into by the respective parties:

1.  The defendant agrees to plead guilty in the United States District Court for the District of Delaware to Counts I, III and IV of the Indictment. Count I of the Indictment charges the defendant with conspiracy to make a false statement in connection with the acquisition of a firearm, in violation of Title 18, United States Code, Section 371. Counts III and IV of the Indictment charge the defendant with possession of a firearm by a felon, in violation of Title 18, United States Code, Section 922(g). The United States agrees to dismiss Count II of the Indictment at or about sentencing.

2.  The maximum penalties for the offenses are as follows:

<u>Count I</u>

Five (5) years imprisonment; three (3) years supervised release; a $250,000 fine; and a

$100 special assessment.

<u>Counts III and IV</u>

Ten (10) years imprisonment; three (3) years supervised release; a $250,000 fine; and a

$100 special assessment.

3.  The elements of the offenses are as follows:

<u>Count I</u>

- The defendant conspired with one or more persons to make a false statement in

  connection with the acquisition of a firearm;

- The defendant knowingly and voluntarily joined the conspiracy; and

- The defendant committed at least one of the overt acts charged in the Indictment

  in furtherance of the conspiracy.

<u>Counts III and IV</u>

- Prior to the date of the offenses charged in the Indictment, the defendant had been

  convicted in any court of a crime punishable by imprisonment for a term

  exceeding one year;

- The defendant knowingly possessed the firearms charged in the Indictment; and

- The firearms had passed in interstate commerce before coming into the

  defendant's possession.

4. The defendant admits the following:

a. Prior to August 20, 2003, the defendant asked co-defendant Anthony Thomas to purchase a firearm for him from X-Ring Supply in Newark, Delaware, a federally licensed firearms dealer.

b. On or about August 20, 2003, Thomas purchased a Ruger, KP89, 9mm pistol, serial number 31521154, from X-Ring Supply in Newark, Delaware, for, and at the behest of, the defendant.

c. On or about August 20, 2003, in connection with the foregoing purchase, Thomas completed a Firearms Transaction Record ("ATF Form 4473") on which he intentionally and falsely stated that he was the actual purchaser of the firearm, when in fact he knew that he was buying the gun for, and at the direction of, the defendant.

d. On or about August 20, 2003, the defendant knowingly possessed the following firearm: a Ruger, KP89, 9mm pistol, serial number 31521154, after having been convicted on or about April 22, 2002, of a felony, in the Superior Court in and for New Castle County, Delaware.

e. On or about January 16, 2005, the defendant knowingly possessed the following firearm: a Cobra, .380 cal. semiautomatic pistol, serial number CP012765, after having been convicted on or about April 22, 2002, of a felony, in the Superior Court in and for New Castle County, Delaware.

5. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence, and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. §3553(a). The defendant further understands that the

-3-

Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines.

6. Provided that the United States does not subsequently learn of conduct or statements by the defendant inconsistent with acceptance of responsibility, the United States agrees to a two-level reduction under United States Sentencing Guidelines § 3E1.1(a), and if the defendant's offense level is determined to be level 16 or greater, the United States agrees to an additional one-level reduction under United States Sentencing Guidelines § 3E1.1(b), based on the defendant's conduct to date, and will so move the Court at sentencing.

7. The defendant agrees to pay at the time of sentencing any special assessment ordered by the Court.

8. If the Court orders the payment of any special assessment or fine as part of the defendant's sentence, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

9. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and any subsequent proceeding.

10. The parties understand that the Court is not bound by any stipulation or recommendation reached by the parties. The defendant understands and agrees that he may not withdraw his guilty plea in the event that (1) the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or (2) he does not receive the benefits he expects from any such stipulation or recommendation.

11.  The parties agree that this Memorandum of Plea Agreement supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

BY:  _____

_____
Thomas A. Dreyer, Esquire
Attorney for Defendant
Marcus Roberts

April M. Byrd
Assistant United States Attorney

_____
Marcus Roberts
Defendant

Dated: May 31, 2005

**AND NOW** this _____ day of _____, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
Honorable Kent A. Jordan
United States District Court
District of Delaware

-5-