IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal Action No. 05-19-KAJ |
| vs. : | |
| MARCUS ROBERTS : | |

### DEFENDANT'S SENTENCING MEMORANDUM

Defendant Marcus Roberts, by his attorney, Thomas A. Dreyer, Esquire, hereby respectfully submits a Sentencing Memorandum setting forth all the factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives contained in 18 U.S.C. Section 3553(a).

Mr. Roberts is a 23-year-old African-American man who has accepted responsibility for his conduct in this matter. He has been employed on a regular basis since high school. He comes from a good family whose members pursue higher education in order to obtain valuable employment. During his incarceration, he passed the GED examination and received a high school diploma. He will have spent 5.5 months in pretrial detention when he is sentenced on September 1, 2005. A time-served sentence is sufficient but not greater than necessary to comply with the provisions of Section 3553(a).

### Sentencing Under *Booker*

On January 12, 2005, the United States Supreme Court ruled that its Sixth Amendment holdings in Blakely v. Washington, 124 S.Ct. 2531 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000), apply to the Federal Sentencing Guidelines ("FSG"). United States

v. Booker, 125 S.Ct. 738, 756 (2005). Given the mandatory nature of the FSG, the Court found "no relevant distinction between the sentence imposed pursuant to the Washington statutes in Blakely and the sentences imposed pursuant to the" FSG in the cases before the Court. ID. at 751. Accordingly, it reaffirmed its holding in Apprendi and concluded that

> [a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

Id. At 756.

Based on this conclusion, the Supreme Court further found that those provisions of the federal Sentencing Reform Act of 1984 ("SRA") which make the FSG mandatory (18 U.S.C. Section 3553(b)(1)) and which rely upon the mandatory nature of the FSG (18 U.S.C. Section 3742(e)) are incompatible with its Sixth Amendment holding. Booker, 125 S.Ct. at 756. It thus excised those provisions, "mak[ing] the Guidelines effectively advisory." Id. At 757.

> As revised by Booker, the SRA now
>
> requires a sentencing court to consider Guideline ranges, see 18 U.S.C.A. Section 3553(a)(4)(Supp.2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see Section 3553(a).

Booker, 125 S.Ct. at 757. Therefore, Booker permits sentencing courts to treat the FSG as just one of the several equally important factors outlined in 18 U.S.C. Section 3553(a). See United States v. Jackson, 408 F.3d 301, 304 (6th Cir. 2005) (the FSG range is only "one factor of several laid out in Section 3553(a)" which district courts are required to consider in arriving at a defendant's sentence).

The primary directive in Section 3553(a) is for sentencing courts to 'impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in

paragraph 2." Section 3553(a)(2) lists these purposes as:

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and,

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the effective manner.

Section 3553(a) further directs sentencing courts to consider the following factors in determining the minimally sufficient sentence:

    1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    2) the kinds of sentences available;

    3) the kinds of sentence and the sentencing range established by the FSG;

    4) any pertinent policy statement issued by the Sentencing Commission which is effect on the date the defendant is sentenced;

    5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and,

    6) the need to provide restitution to any victims of the offense.

18 U.S.C. Section 3553(a)(1) and (a)(3) through (a)(7).

Sentencing courts are given discretion by other statutory provisions as well. Under 18 U.S.C. Section 3582(a), imposition of a term of incarceration is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to 'recogniz[e] that imprisonment is *not* an appropriate means of promoting correction and rehabilitation". (Emphasis added.)

Under 18 U.S.C. Section 3661, "*No limitation* shall be placed on the information

-3-

concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence". (Emphasis added.) This statutory language clearly overrides the now advisory policy statements contained in Part H of the FSG which list as "not ordinarily relevant" to sentencing numerous factors such as the defendant's age, educational and vocational skills, mental and emotional condition, drugs or alcohol dependence, and lack of guidance as a youth. See U.S.S.G. Section 5H1. See also United States v. Nellum, 2005 WL 300073, 2005 U.S. Dist. LEXIS 1568 (N.D. Ind. Feb. 3, 2005) (Simon, J.) (taking into account the fact that the defendant, who was 57 at sentencing, would upon his release from prison have a very low likelihood of recidivism since the rate of recidivism decreases with age and citing Report of the U.S. Sentencing Commission, Measuring Recidivism: the Criminal History Computation of the Federal Sentencing Guidelines (May 2004); also taking into account the defendant's strong family ties, his need for treatment for his serious addiction to crack cocaine, his serious medical problems, and his honorable discharge from the United States Army); United States v. Naylor, 359 F.Supp.2d 521 (W.D.Va. 2005) (Jones, J.) (concluding that a sentence below the career offender guideline range was reasonable, in part, because of the defendant's youth when he committed the predicate offenses (age 17) and noting that, in Roper v. Simmons, 125 S.Ct. 1183, 1194-96 (2005), the Supreme Court found significant differences in the moral responsibility for crime between adults and juveniles).

According to the directives of Booker and Section 3553(a), sentencing courts may no longer apply the FSG in an uncritical manner. Such an approach would be "inconsistent with the holdings of the merits majority in Booker, rejecting mandatory guideline sentences based on judicial fact-finding, and the remedial majority in Booker, directing courts to consider all of the

Section 3553(a) factors, many of which the guidelines either reject or ignore." United States v. Ranum, 353 F.Supp.2d 984, 985-86 (E.D.Wisc. 2005) (Adelman, J.). As another district court has correctly observed, any approach which automatically gives "heavy" weight to the guideline range "comes perilously close to the mandatory regime found to be constitutionally infirm in Booker." United States v. Jaber, 362 F.Supp.2d 365, 371-72 (D.Mass. 2005) (Gertner, J.). See also United States v. Strange, 370 F.Supp.2d 644, 650 n. 7 (N.D.Ohio 2005) (the FSG do not operate as a sort of "super factor" trumping everything else in all but unusual cases).

Justice Scalia explains this point well in his dissent from Booker's remedial holding:

> Thus, logic compels the conclusion that the sentencing judge, after considering the recited factors (including the guidelines), has full discretion, as full as what he possessed before the Act was passed, to sentence anywhere within the statutory range. If the majority thought otherwise – if it thought the Guidelines not only had to be 'considered' (as the amputated statute requires) but had generally to be followed – its opinion would surely say so

Booker, 125 S.Ct. at 791 (Scalia, J., dissenting in part). Likewise, if the remedial majority in Booker thought that the FSG had to be given "heavy weight", its opinion would have said so. The remedial majority clearly understood that giving any extra weight to the guideline range violates the Sixth Amendment.

In conclusion, sentencing courts must now consider all of the Section 3553(a) factors, and not just the FSG, in determining a sentence which is sufficient but not greater than necessary to meet the goals of sentencing. Moreover, if the FSG conflict with the other sentencing factors enumerated in Section 3553(a), these statutory sentencing factors should generally trump the FSG. See United States v. Denardi, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J., concurring in part, dissenting in part) (listing the four purposes of sentencing as

-5-

retribution, deterrence, incapacitation and rehabilitation and arguing that since Section 3553(a) requires that a sentence be no greater than necessary to meet these purposes, the imposition of a sentence greater than necessary to meet them violates the statute and is reversible, even if it is within the guideline range).

### Application of the Statutory Sentencing Factors to the Instant Case

The following factors must be considered in this case in determining what length of sentence is sufficient but not greater than necessary to satisfy the purposes of sentencing:

### 1. The Nature and Circumstances of the Offenses and the History and Characteristics of The Offender

#### (A) Nature and Circumstances of the Offenses

On August 20, 2003, Mr. Roberts persuaded Anthony Thomas to purchase a Ruger 9mm semi-automatic pistol at X-Ring Supply in Newark, Delaware for him. He gave Mr. Thomas $400.00 and, after the purchase, Mr. Thomas gave him the handgun.

On January 16, 2005, members of the Wilmington Police Department stopped a car in which Mr. Roberts was a passenger. He placed a bag under the vehicle during the stop. The bag contained an unloaded Cobra .380 caliber semi-automatic pistol, a magazine loaded with 5 rounds, and 30 loose rounds of ammunition.

#### (B) History and Characteristics of Ms. French

Mr. Roberts is a life-long resident of Wilmington, Delaware. He is 23 years of age. He is single and has no children.

Mr. Roberts' mother is Alethea Miller. She is a Senior Social Worker with Delaware Health & Social Services, Division of Social Services; she is involved with adoptions and foster care placements. She is also a full-time nursing student at Delaware Technical and Community College; she will receive an Associate's Degree in December 2006. She will work

thereafter for the State of Delaware as a registered nurse. She also works part-time as a student nurse extern at Christiana Care Hospital.

Mrs. Miller and her husband, Vincent Miller, own a home in Middletown, Delaware. They are willing to allow Mr. Roberts to live with them at this home. In addition, they recently started a general contracting business. Mr. Miller intends to teach carpentry skills to Mr. Roberts so that he can become an employee of this general contracting business.

Mr. Roberts' brother, Harlan Roberts, attended the University of Delaware for 2.5 years. He is a computer programmer for a software company in Atlanta, Georgia. His sister, Renicia Roberts, is a senior at the University of Delaware; she is studying to become a high school teacher. She also works part-time at the Conference Center in Newark, Delaware.

Between March 2002 and March 16, 2005, the date of his arrest, Mr. Roberts worked as a journeyman in the News Journal's distribution center in New Castle, Delaware. He is a member of the Wilmington Mailers Union.

Mr. Roberts worked as a dishwasher at Delaware Park while in high school and as a telemarketer for MBNA thereafter. He worked in the office of Wilmington Mayor James Sills in 1999-2000. He also worked as a janitor at Delmarva Power Company and as a ticket seller at the Wilmington Opera House.

Since March 17, 2005, Mr. Roberts has been incarcerated at Salem County Correctional Facility. In April 2005, he passed the GED examination. On May 26, 2005, the State of New Jersey Board of Education awarded him a high school diploma. Since June 8, 2005, he has attended the weekly Motivational Seminar (it concerns anger management and behavior modification). Since June 12, 2005, he has attended weekly church services. Since June 14, 2005, he has attended the biweekly SODAT Program (it concerns drug and

alcohol rehabilitation). He has received no disciplinary write-ups or misconducts.

Mr. Roberts accepted responsibility for his conduct in this case.

Mr. Roberts plans to attend college to study computer programming and business management. He intends to work in the business of rehabbing and reselling residential properties.

## 2. The Need for the Sentence Imposed to Promote Certain Statutory Objectives

### (A) To reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense

A sentence of imprisonment of 5.5 months and a lengthy term of supervised release reflects the seriousness of Mr. Roberts' offenses, promotes respect for the law and provides just punishment in that it keeps him under Court supervision for a significant period of time.

### (B) To afford adequate deterrence to criminal conduct

Mr. Roberts was incarcerated for the first time in his life as a result of his arrest in this matter. Since March 16, 2005, he has done everything possible to demonstrate that he will not repeat such conduct. He obtained a high school diploma. He obeyed all the rules and regulations at Salem County Correctional Facility. He attended a drug and alcohol program and an anger management program. He returned to church. It is clear that he has been deterred from further criminal activity.

### (C) To protect the public from further crimes of the defendant

As noted in the preceding paragraph, Mr. Roberts has taken the requisite steps to become a law-abiding citizen upon his release from prison. He has demonstrated that he will not commit any further crimes.

> **(D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

Mr. Roberts has already used his time in prison to obtain a high school diploma, to attend a drug and alcohol program and to attend an anger management program. He does not need medical care.

3. **The Kinds of Sentences Available**

   Since Mr. Roberts pled guilty to a felony, a sentence of imprisonment is available. 18 U.S.C. Section 3581. The imposition of a fine is also available. 18 U.S.C. Section 3571.

4. **The Sentencing Range Established by the Sentencing Commission**

   The range under the FSG is calculated as follows:

   1. A base offense level of 14 pursuant to U.S.S.G. Section 2K2.1(a)(6)(A).
   2. A two-level reduction for his acceptance of responsibility pursuant to U.S.S.G. Section 3E1.1(a).
   3. A total offense level of 12.
   4. Criminal History Category II.
   5. A range of imprisonment of 12 to 18 months.

   In Booker, the Supreme Court excised 18 U.S.C. Section 3553(b), the portion of the federal sentencing statute which made it mandatory for courts to sentence within a particular sentencing guideline range. Booker, 125 S.Ct. at 756. This renders the FSG advisory. Id. The advisory guideline range for imprisonment in this case is thus 12 to 18 months.

5. **Pertinent Policy Statement**

   There are no pertinent policy statements.

6. **The Need to Avoid Unwarranted Sentencing Disparities**

There are no unwarranted sentencing disparities.

## 7. The Need to Provide Restitution to Any Victims of the Offense

Restitution is not an issue in this case.

### Proposed "Statement of Reasons Pursuant to 18 U.S.C. Section 3553(c)" for Sentence Below Guideline Range

The sentence departs below the guideline range for the following reasons:

1. Mr. Roberts is a young man with strong family ties. He has worked regularly since high school.

2. He passed the GED examination and obtained a high school diploma during pretrial detention.

3. He accepted responsibility for his conduct.

4. He comes from a good family. His mother and step-father are willing to allow him to live in their home and work in their business.

5. He complied with all the conditions of pretrial detention.

6. He attended anger management and drug and alcohol programs during pretrial detention.

7. Employment is available for him.

## Conclusion

For all the foregoing reasons, Mr. Roberts respectfully submits that a sentence of time-served of 5.5 months is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. Section 3553(a). He hereby requests a timed-served sentence to be followed by a substantial period of supervised release.

*Thomas A. Dreyer*
Thomas A. Dreyer, Esquire
6 Dickinson Drive
Building 100 – Suite 106
Chadds Ford, PA 19317
610-358-4454
Attorney for Defendant Marcus Roberts

Dated: 8/18/05

## CERTIFICATE OF SERVICE

Thomas A. Dreyer, Esquire hereby certifies that he served a true and correct copy of the foregoing Defendant's Sentencing Memorandum upon the person listed below on the date listed below by first class mail, postage prepaid:

>Richard G. Andrews
>First Assistant United States Attorney
>Nemours Building
>1007 North Orange Street
>Suite 700
>P.O. Box 2046
>Wilmington, DE  19899-2046

_____
Thomas A. Dreyer, Esquire

Dated: 8/19/05